427 F.Supp. 943 (1977)
James C. BRANDENBERG, Plaintiff,
v.
James S. McCLELLAN et al., Defendants.
No. 77-33C(1).
United States District Court, E. D. Missouri, E. D.
March 2, 1977.
*944 John E. Heater, St. Louis, Mo., for plaintiff.
Timothy G. Noble, Associate City Counselor, St. Louis, Mo., for defendants.

MEMORANDUM
MEREDITH, Chief Judge.
This matter is before the Court on the plaintiff's motion for summary judgment, and on the defendants' motions for summary judgment and to dismiss. For the reasons stated below the defendants' motion to dismiss will be granted.
Plaintiff has brought this action on behalf of himself and all other qualified electors of the Thirteenth Ward of the City of St. Louis, Missouri, pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1983, against those persons constituting the Board of Election Commissioners of the City of St. Louis, Missouri, James S. McClellan, Judy Svetanics, Robert Conradi, and Nathaniel E. Shipp (hereinafter Board), seeking a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202, and preliminary and injunctive relief. The parties have stipulated that plaintiff became a resident of the City of St. Louis, Missouri, on or about August 31, 1976, and filed with the Board, on or about December 13, 1976, as a Democratic candidate for the office of Alderman of the Thirteenth Ward, of the City of St. Louis, for the Democratic Primary Election to be held on March 8, 1977, and the following general election, to be held on April 5, 1977. Further, the parties agree that Article IV, Section II, of the Charter of the City of St. Louis, provides in pertinent part:
"No person shall become an Alderman except he . . . shall have been next before his election five years a citizen of the United States, three years a resident of the city, two years an assessed taxpayer of the city, and one year a resident of the ward from which elected . . ."
The parties have also stipulated that in order to file as a candidate for said office, plaintiff was required to sign a statement which provided, in effect, that if nominated and elected, he would qualify under the above-described Charter provision. However, he will not qualify if the provision remains in effect. Plaintiff contends that the provision is unconstitutional because it requires a candidate to own property within the City, and because the three, two, and one-year requirements violate the First Amendment to the United States Constitution, the equal protection and due process clauses of the Fourteenth Amendment to the United States Constitution, and the constitutional rights to sufferage and travel in the United States.
Initially, it should be noted that the parties have agreed that plaintiff's qualifications as a candidate for Alderman of Ward Thirteen have not been challenged by the defendants, nor have the defendants threatened or in any way indicated that plaintiff's name will be removed from the ballot either in the primary or general election. In effect, the plaintiff seeks to have this Court rule on the constitutionality of a provision of the Charter of St. Louis when the sanctions of that provision have not been set in motion against the plaintiff. It was held in International Longshoremen's and Warehousemen's Union, Local 37 v. Boyd, 347 *945 U.S. 222, 223, 224, 74 S.Ct. 447, 448, 98 L.Ed. 650, 652 (1954), that such an action was
". . . not a lawsuit to enforce a right; it is an endeavor to obtain a court's assurance that a statute does not govern hypothetical situations that may or may not make the challenged statute applicable. Determination of the scope and constitutionality of legislation in advance of its immediate adverse effect in the context of a concrete case involves too remote and abstract an inquiry for the proper exercise of the judicial function."
Since this cause of action was filed, a suit was started in the Circuit Court in the City of St. Louis, Missouri, requesting a writ of prohibition to restrain the Board from retaining the name of James C. Brandenburg on the ballot. The request for a writ originally filed was denied by the Circuit Court.
Thereafter, a request for a writ of prohibition was filed in the Missouri Court of Appeals, St. Louis District, under the style State of Missouri, ex rel Jerry T. Campbell, Realtor, vs. Judy Svetanics, et al., respondents, and James C. Brandenburg, intervenor, Cause No. 38993. An opinion was filed granting the writ on March 2, 1977, holding that a requirement of residency for one year was a valid residency requirement, citing Gralike v. Walsh, 483 S.W.2d 70 (Mo. banc 1972). In view of the fact that Brandenburg could not meet this requirement, the Court of Appeals did not pass on the merits of the other requirements.
This Court is in accord with the holding of the Missouri Court of Appeals. Similar holdings have been made in the federal system that a state has the right to make reasonable residency requirements for persons holding office within the state. In Hadnott v. Amos, 320 F.Supp. 107 (M.D.Ala. 1970), a three-judge court held that the State of Alabama had a compelling state interest in imposing a twelve-months residence requirement in the circuit on a circuit judge prior to his election or appointment. This case was affirmed by the Supreme Court at 401 U.S. 968, 91 S.Ct. 1189, 28 L.Ed.2d 318 (1971).
Accordingly, plaintiff's complaint will be dismissed.